[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14309
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2012
JOHN LEY
CLERK

_____

D.C. Docket No. 2:11-cr-14017-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE JIMINEZ-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellant Enrique Jiminez-Lopez appeals his 51-month high end of the

guideline range sentence, imposed after pleading guilty to one count of reentry of a deported alien in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Jiminez-Lopez argues that his sentence was substantively unreasonable because it is higher than necessary to effectuate the purpose and intent of the § 3553(a) factors.  He emphasizes the immigration nature of his offense, his clean criminal history outside of one prior conviction, and the unreasonably harsh result of the 16-level increase based on his sole prior conviction.

This court reviews the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  This Court may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."  *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

The district court must impose a sentence  "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and

2

circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the sentence, under the prism of abuse of discretion, this court first ensures that the sentence was procedurally reasonable, meaning the district court  properly calculated the guideline range, treated the Guidelines as advisory and not mandatory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  Once the court determines that a sentence is procedurally sound, it examines whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.*

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010). Although this Court does not apply a presumption of reasonableness for sentences falling within the guidelines range, "ordinarily [this court] would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*,

431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See e.g., United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

This court reverses only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Based on our review of the record, we conclude that Jiminez-Lopez's 51-month sentence is reasonable. The sentence was within the guideline range, and we expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 788. Though Jiminez-Lopez points to the nonviolent nature of his charged offense and his limited criminal history as mitigating factors, the court explicitly stated that it had considered the statements of the parties, the presentence report, which included the violent conduct underlying Jiminez-Lopez's arrest, and the § 3553(a) factors. Jiminez-Lopez also argues that the 16-level increase in his offense level is too

harsh a punishment, but the increase is arrived at by following the Sentencing Guidelines and none of the facts used to calculate Jiminez-Lopez's range were erroneous. In short, Jiminez-Lopez has not met his burden to show an abuse of discretion. Accordingly, we affirm his sentence.

**AFFIRMED**.